647 P.2d 403

**STATE of New Mexico, Petitioner,**

v.

**Edward Joe SISNEROS, Respondent.**

**No. 13818.**

Supreme Court of New Mexico.

June 24, 1982.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Michael Dickman, Appellate Defender, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Sisneros pled guilty to criminal sexual penetration and kidnapping. The trial court initially placed him on probation, but upon motion by the State, the trial court agreed to reconsider the sentence. Defense counsel sought an alternative writ of prohibition from this Court to prevent the trial court from reconsidering the sentence. We granted the writ but later quashed it, remanding the case for "proper sentencing". The trial court resentenced Sisneros to a term of years at the penitentiary.

Sisneros appealed to the Court of Appeals which held that the second sentence was illegal because it violated a plea agreement. The Court of Appeals ordered that Sisneros' first sentence be reinstated. The State petitioned for a writ of certiorari. We affirm in part and reverse in part the decision by the Court of Appeals.

We discuss:

1. Whether the Attorney General's failure to specifically challenge a dispositive fact set forth in defendant's docketing statement is sufficient grounds for summarily reversing the trial court.

2. Whether the Court of Appeals can reinstate an illegal sentence.

According to defendant counsel's docketing statement, Sisneros entered his pleas of guilty based on discussions among the attorney for the State, Sisneros' attorney and the trial judge. These discussions were held off the record and in the judge's chambers. According to the docketing statement, the trial judge informed Sisneros of his intention to place him on probation and Sisneros, relying on the judge's assurance, entered his pleas of guilty.

The Court of Appeals advised the parties that summary reversal was proposed on the basis that there was a breach of the plea agreement by the State. The Attorney General timely filed his memorandum in opposition, stating "that the facts in the Docketing Statement are not correct * *", but did not dispute the specific facts alleging that the judge had agreed to place Sisneros on probation and that Sisneros had relied on this promise in pleading guilty. This memorandum did not show cause why there should not be summary reversal as is required by our N.M.R.Crim.App. 207(d)(3), N.M.S.A.1978.

The Court of Appeals handed down its decision, set aside the second sentence and reinstated the first sentence. The Attorney General then filed a motion for rehearing in which he claimed that "there was no plea agreement * * *" The Court of Appeals denied the motion because the "memorandum in opposition [did] not state there was no plea agreement."

■ In promulgating Rule 207, we sought an orderly and quick method for the disposition of criminal cases. When a case is assigned to summary calendar, the facts in the docketing statement are accepted as true unless contested. *State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct.App.1978). The opposing party to summary disposition must

come forward and specifically point out errors in fact and in law. *Cf.* N.M.R.Crim. App. 205(a)(4), N.M.S.A.1978 (specificity required). Raising a factual dispute in a motion for rehearing is too late. *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971) (rehearing corrects errors in law and brings to the court's attention evidence that was not available). To hold otherwise would defeat the purpose of our calendaring rule. We therefore conclude that the Attorney General did not meet his burden. The Court of Appeals is affirmed as to this point.

■■■ The Court of Appeals reinstated the first sentence which we implicitly determined earlier was illegal when we sent the case back for proper sentencing after the hearing on the petition for the alternative writ of prohibition. This was the law of the case and could not be re-examined by the Court of Appeals on appeal. *Varney v. Taylor*, 79 N.M. 652, 448 P.2d 164 (1968). Therefore, the Court of Appeals erroneously set aside our decision. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973); *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). The correct remedy in this case is to allow Sisneros to withdraw his plea.

The case is remanded to be decided consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, J., specially concurring.

PAYNE, J., not participating.

RIORDAN, Justice, specially concurring.

I concur in the result reached by the Chief Justice in his opinion. I do not join in the opinion because I disagree with the statement that the memorandum in opposition to the proposed summary reversal did not show cause why the case should not be summarily reversed.

I support the concept of the summary calendar. A number of appeals can fairly and properly be disposed of in this manner without the delay and expense of a transcript because a transcript is not necessary to decide the issue(s) raised on appeal. However, when the memorandum in response to a proposed summary disposition alerts the appellate court to a dispute as to the facts presented to the district court, then the appellate court, in my opinion, has an obligation to see that the portion of the transcript is prepared that is necessary to decide the issues on appeal. This can be done either by reassigning the appeal to a different calendar or ordering a transcript. *See* N.M.R.Crim.App. 207(d), N.M.S.A.1978.

In this case the memorandum in opposition to the proposed summary disposition states:

Pursuant to Rule 21, N.M. Rules of Crim.Pro., guidelines are provided for accepting a plea of guilty. Subsection (g)(2) provides that the agreement, if any, be reduced to writing on a form approved by the Supreme Court, and the agreement shall be required to be disclosed by the Court when the plea is offered. The Clerk's record does not contain this document. Therefore a transcript of all the proceeding below is necessary to determine the status of this plea. It is up to the Defendant to prove that the plea was involuntary. *State v. Ortiz*, 77 N.M. 751, 427 P.2d 264 (1967). And a review of the hearing at which the plea was accepted would uncover any, if any at all, representations made by the prosecution.

I feel that this statement by the Attorney General was sufficient to require the case to be re-calendared and the transcript of the plea prepared for appellate review.

I agree with the majority that the appropriate remedy for the defendant in this case is to allow him to withdraw his guilty plea.