**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **No. 28,562**

**HEBER HEAD,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Mary A. Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Chief Judge.**

Defendant appeals from a district court judgment and sentence entered after a jury found him guilty of driving while intoxicated (DWI), fifth offense, and driving on a revoked license. We issued a calendar notice proposing to affirm. Defendant responded with a memorandum in opposition, remaining unpersuaded, we affirm.

**EVIDENTIARY CHALLENGE**

Defendant continues to challenge the admission of the breath-alcohol test results. [MIO 7] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

Defendant argued below that the State failed to show compliance with the twenty-minute waiting period, which requires that the subject not "eat, drink or smoke anything." 7.33.2.12(B)(1) NMAC. [MIO 5] Officer Davis testified that he complied with the twenty-minute waiting period before conducting the test and that the times set forth in the docketing statement do not contradict this testimony. [RP 114] Officer Davis testified that Defendant was under his observation during the entire deprivation period and that Defendant did not have anything in his mouth. [RP 114] Defendant's argument below [RP 127] and on appeal [MIO 5, 7] relies on *State v. Gardner*, 1998-NMCA-160, ¶ 6, 126 N.M. 125, 967 P.2d 465, for the contention that the regulation was not satisfied because Officer Davis was unable to continuously observe Defendant while he was in the backseat during transport. However, as we observed in our calendar notice, the prior regulation discussed in *Gardner* required "continuous observation," *see id.*, but this has been replaced with the requirement that

the officer ascertain that the suspect "has not had anything to eat, drink or smoke for at least 20 minutes." 7.33.2.12(B)(1) NMAC. More recently, this Court held that the new version of the regulation "requires that the officer at the very least look in the subject's mouth or ask the subject if there is anything in his or her mouth. Following that, it would be reasonable for an officer to conclude that a subject who is handcuffed with hands behind him or her, who is confined to the backseat of a police vehicle and then to the detention center, and who is in the officer's presence during the entire time, has not put anything to eat, drink, or smoke in his or her mouth." *State v. Willie*, 2008-NMCA-030, ¶ 16, 143 N.M. 615, 179 P.3d 1223, *cert. granted*, 2008-NMCERT-002, 143 N.M. 667, 180 P.3d 674. As indicated, Officer Davis confirmed that Defendant did not have anything in his mouth [RP 114], and the facts of the case are consistent with the foundational requirements discussed in *Willie*.

In his memorandum in opposition, Defendant argues, by relying on out-of-state authority emphasizing continuous observation as related to the possibility of regurgitation and other test-affecting conduct, that we should read the continuous-observation requirement back into the new regulation and re-impose a *Gardner* analysis. [MIO 9-16] We construe this as a request to ignore the new regulation and revisit the analysis in *Willie*, which we decline to do. It follows that we do not need

to address Defendant's claim that the erroneous admission of this evidence was not harmless. [MIO 16]

**SUFFICIENCY OF THE EVIDENCE**

In his docketing statement, Defendant raised two issues that our calendar notice consolidated as a challenge to support the sufficiency of the evidence. [DS 5] *See State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge."). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

To support the charge for DWI (fifth offense), the evidence had to show that Defendant operated a motor vehicle at a time when he had an alcohol concentration of .08 grams or more in two hundred ten liters of breath. [RP 65 - we note that the jury was also instructed on the general "under the influence" DWI alternative, RP 64,

4

but the jury's verdict indicates that it relied on the .08 alternative, RP 103] Here, Officer Marc Davis testified that he observed Defendant driving and that Defendant ran off of the road two to three feet as he made a turn. [RP 113] Defendant's vehicle was stopped by Officer Davis, and Defendant exhibited numerous signs of intoxication as he exited the vehicle. [RP 114] Defendant was arrested, and a breath-alcohol test provided two results, .22 and .23. [RP 123] Although the number of prior offenses involves a sentencing challenge, *see State v. Anaya*, 1997-NMSC-010, ¶¶ 11-14, 123 N.M. 14, 933 P.2d 223, as opposed to a sufficiency challenge, we note that Defendant did not contest his prior convictions. [RP 137] Based on the foregoing, we conclude that the evidence supports Defendant's DWI conviction. In our calendar notice, we also stated that, to the extent that Defendant may also be challenging his conviction for driving on a revoked license [RP 66], the record indicates that sufficient evidence was presented. [RP 121-22]

In his memorandum in opposition, Defendant predicates his sufficiency challenge on the claim that the breath-alcohol test results could not be used to support the conviction. [MIO 18-19] *But cf. State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct. App. 1989) (noting that erroneously admitted evidence may be considered for purposes of sufficiency review). Because we have affirmed the admission of the

test results, it follows that we are not persuaded by Defendant's memorandum. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

For the reasons set forth in this opinion, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**