This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 31,330**

**MICHAEL STRAND,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Eugino S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his conviction for trafficking a controlled substance. In our second notice, we proposed to reverse and remand for resentencing and to affirm the remainder of Defendant's issues. In light of the State's already expressed intent not to contest the remand for resentencing, we reverse and remand for resentencing at which time the district court can consider mitigating the basic sentence. We have considered Defendant's response to our second notice and finding his arguments unpersuasive, we affirm the conviction.

With regard to Issues 2, 3, 6, 7, 8, 9, and 10, Defendant relies on the arguments made in his first memorandum in opposition. As he has no new arguments, facts, or authorities, we affirm for the reasons stated in the first and second calendar notices. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) (stating that opposing party must come forward and specifically point to error in fact or in law in the proposed disposition).

With regard to Issue 4, Defendant continues to contend that the district court erred in refusing to grant a mistrial when the prosecutor, during opening arguments, made a statement about previous sales of drugs, which had earlier been excluded through a motion in limine. We pointed out that we review the denial of a mistrial for abuse of discretion and that we would not find an abuse of discretion where the district court had used another remedy. *See State v. Reynolds*, 111 N.M. 263, 266, 804

P.2d 1082, 1085 (Ct. App. 1990).

Citing out of state authorities, Defendant argues that the remedy of instructing the jury that opening statements are not evidence was insufficient to remedy the prosecutor's misconduct. He argues that the district court should have instructed the jury that the particular statements made by the prosecutor were not evidence. While that might have been the better practice in this case, the instruction that the prosecutor's opening statement was not evidence had the same effect: the jury was not to consider as evidence what the prosecutor said in opening argument about previous drug sales. We conclude that the district court did not abuse its discretion in refusing to grant a mistrial.

With regard to Issue 5, Defendant continues to argue that the district court erred in admitting evidence regarding bottles of aspirin, glucosamine, and calcium and empty pill bottles without expert testimony that these items were associated with crack cocaine dealer practices. Defendant has not responded to our proposal not to address this issue because he did not argue below that an expert was required. Instead, he argues that an expert is required where scientific or specialized knowledge is needed to understand the evidence. He argues that an expert was needed to lay the foundation regarding why these items may have been relevant. We disagree.

The question of whether a foundation to establish relevance must be laid prior

3

to the introduction of evidence lies within the discretion of the trial court. Here, the district court heard from the prosecutor that these items are often bartered by drug dealers. [RP 232] It appears that the prosecutor explained that a law enforcement specialized drug agent would testify to that effect. [RP 232] We believe that is sufficient foundation of relevance for the admission of these items in a trial on charges of drug trafficking. During trial, the agent testified about drug dealers bartering items such as those found in Defendant's vehicle for drugs. [RP 308, 313, 315] As Defendant was not found with a lot of cash on his person, the prosecutor was using the numerous bottles to show that Defendant was bartering rather than selling. We conclude that there was sufficient foundation to establish relevance for admission of these items.

For the reasons stated herein and in the first and second notices of proposed disposition, we affirm the conviction, but remand for resentencing consistent with our notices and this opinion.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**MICHAEL E. VIGIL, Judge**