This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO. 31,812**

**LARYE PARKINS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldrige, Assistant Appellate Defender
Santa Fe, NM

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals his convictions for aggravated driving while intoxicated and a related traffic offense. We issued a third calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Issue 1:** Defendant has claimed that the district court should not have admitted a police dispatch tape without testimony from Mesilla Valley Regional Dispatch Authority. Our third calendar notice relied on information from the State that a proper foundation was laid for the admission of the dispatch tape. Specifically, the eyewitness who made the comments testified at trial concerning the statements. [State's MIO 3-4] We proposed to hold that the State therefore laid a proper foundation by satisfying the express language of Rule 11-105 NMRA. In his memorandum in opposition, Defendant does not dispute this information, and does not provide a legal basis for challenging the admission. Accordingly, we are not persuaded by Defendant's memorandum in opposition. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) (observing that a party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law).

**Issues 2 and 3:** Our third calendar notice continued to propose affirmance on these issues. Defendant has not provided any additional argument. Accordingly, we rely on our prior analysis. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law.").

For the reasons stated above and in our third calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**