This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 32,798**

**ERIK YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler-Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant appeals from his conviction for aggravated battery against a household member in violation of NMSA 1978, Section 30-3-16(C) (2008). On appeal, Defendant challenges the district court's refusal to strike a juror for cause and the sufficiency of the evidence supporting his conviction. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Juror Bias**

{2} Defendant argues that the district court's refusal to strike a prospective juror for cause, thereby forcing Defendant to utilize one of his peremptory challenges to strike the juror, mandates reversal. Defendant contends that because the juror was acquainted with Victim's father, the prosecuting attorney, and one of the police officer's testifying in the case, and given her emotional reaction when she learned the case involved domestic violence, the juror should have been stricken for cause. We proposed to conclude that, because the juror at issue stated she could be fair and impartial and the district court judge appears to have considered the juror to be credible in her response, Defendant had not demonstrated that the district court abused its discretion in refusing to strike the juror. *See State v. Hernandez*, 1993-NMSC-007, ¶ 52, 115 N.M. 6, 846 P.2d 312 (stating that an appellate court reviews for manifest

2

error "[b]ecause the trial judge is in the best position to assess the demeanor and credibility of prospective jurors").

**{3}** In response, Defendant directs this Court to *State v. Dobbs*, 1983-NMCA-033, ¶ 56, 100 N.M. 60, 665 P.2d 1151, *rev'd on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, n.6, 275 P.3d 110, for the proposition that "a juror's affirmance of impartiality is not conclusive." [MIO 7] Defendant also cites to *State v. Sanchez*, 1995-NMSC-053, ¶ 14, 120 N.M. 247, 901 P.2d 178, for the proposition that "juror bias may be implied as a matter of law in New Mexico." [Id.] We conclude that *Dobbs* does not support reversal in this case. In *Dobbs*, this Court affirmed the district court's refusal to excuse jurors for cause despite the fact that the jurors knew witnesses or victims. 1983-NMCA-033, ¶¶ 53-56. Further, while we agree that some relationships between a juror and the witnesses, victims, or prosecution may give rise to an implication of bias as a matter of law, the facts of this case do not rise to that level. In *Sanchez*, our Supreme Court relied on Justice O'Connor's concurrence as an indication of what circumstances warrant that juror bias be implied as a matter of law. *Sanchez*, 1995-NMSC-053, ¶ 13 ("Some examples might include a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction.")(quoting *Smith*

3

*v. Phillips*, 455 U.S. 209, 215 (1982)). Based on *Sanchez*, we conclude that Defendant's assertion that the juror had "a known association with the prosecutor, [Victim's] father and one of the testifying witnesses[,]" [MIO 7] is insufficient to rise to the level contemplated by our Supreme Court in *Sanchez*. Accordingly, we conclude that Defendant has not demonstrated that the district court abused its discretion in refusing to strike Juror No. 7 for cause.

**Sufficiency of the Evidence**

{4}     Defendant maintains that there was insufficient evidence to support his conviction for aggravated battery against a household member in violation of Section 30-3-16(C). Defendant argues that the State presented insufficient evidence of either great bodily harm or that the battery was committed in a manner whereby great bodily harm could have been inflicted. [MIO 9-11] In this Court's calendar notice, we proposed to conclude that Victim's testimony about the nature of the attack was sufficient to support the jury's conclusion that the battery occurred in a manner that could have resulted in great bodily harm. [CN 5-6]

{5}     In response, Defendant argues that, without testimony in the record from either Victim or a medical expert "about the high probability of death or that the injuries likely would have resulted in serious disfigurement, loss of any member or organ of [Victim's] body or prolonged impairment of any kind[,]" the jury's determination that

4

Defendant's actions would have likely resulted in great bodily harm was speculative. [MIO 10]  In this Court's calendar notice, we pointed out that aggravated battery "requires only that great bodily harm *could* result, not that it must result," *State v. Pettigrew*, 1993-NMCA-095, ¶ 7, 116 N.M. 135, 860 P.2d 777; that the statute criminalizes the manner in which the harm is inflicted and not necessarily the resulting harm, *see* NMSA 1978, § 30-3-5(C) (1969); and that the nature of the attack is sufficient to establish that a defendant "acted in a way that would likely result in great bodily harm or even death to the victim, despite the lack of evidence of such harm," *State v. Dominguez*, 1993-NMCA-042, ¶ 41, 115 N.M. 445, 853 P.2d 147.

{6}    In proposing to affirm, we relied on *Dominguez* for the proposition that evidence the defendant was one of several men kicking and hitting the victim and that one man had a tire tool was sufficient evidence to demonstrate that the attack would have likely resulted in great bodily harm.  We analogized *Dominguez* to the facts of this case and proposed to conclude that Defendant's using a bottle to strike Victim in the head hard enough to cause bleeding, and then continuing his attack—hitting and kicking Victim in the head and banging her head into the wall—was sufficient evidence to support the jury's conclusion that the battery occurred in a manner that was likely to have resulted in great bodily harm. [CN 6] Defendant has not addressed our reliance on *Dominguez* or provided citation to authority that requires a different

5

conclusion. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law[.]"). We therefore rely on *Dominguez* to conclude that sufficient evidence existed to support Defendant's conviction.

{7}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**M. MONICA ZAMORA, Judge**