This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF FARMINGTON,**

    Plaintiff-Appellee,

v.                              **NO.  33,293**

**JENNIFER RUSSELL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Jason Eley
Farmington, NM

for Appellee

Harutiun Kassakhian
The Kassakhian Law Offices
Gallup, NM

L. Helen Bennett
L. Helen Bennett PC
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendant appeals from her conviction for driving while intoxicated (DWI), first offense. On appeal, Defendant challenges the district court's denial of her motion to suppress arguing that there was not reasonable suspicion to support her stop. This Court issued a calendar notice proposing to reverse. The City of Farmington has filed a response opposing this Court's notice of proposed disposition. Having considered the City's response, we reverse.

{2} In this Court's calendar notice, we pointed out that the City of Farmington bears the burden of proving reasonable suspicion, *see State v. Gonzales*, 2011-NMSC-012, ¶ 12, 150 N.M. 74, 257 P.3d 894, and that reasonable suspicion exists when police officers "are aware of specific articulable facts that, judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 (internal quotation marks and citation omitted). We noted that Officer Ronk testified at the suppression hearing that he did not observe any traffic violations and that the sole reason he pulled Defendant over was because he had been informed of a "domestic disturbance." [RP 121] We further noted that it did not appear that Officer Ronk was aware of any facts to indicate that a physical altercation had occurred, and we suggested that a "domestic disturbance," alone, is not a crime, nor does it give rise to reasonable suspicion that a crime has occurred. Ultimately, we proposed to conclude that, based on the facts of

this case, there did not appear to be "objectively reasonable indications of criminal activity[]" that would constitute reasonable suspicion. *See State v. Leyva,* 2011-NMSC-009, ¶ 23, 149 N.M. 435, 250 P.3d 861.

{3} In response, the City of Farmington contends that it was "reasonable for Officer Ronk to make a stop of the Defendant based on information that was articulated to be of a domestic nature" and that "[t]he information Officer Ronk had[] reasonably supports either the crime of assault or battery." [MIO 1] The City of Farmington has neither identified additional facts known to Officer Ronk, nor cited authority in support of the proposition that a report of a "domestic disturbance," with no additional information, is sufficient to provide the specific articulable facts necessary to demonstrate reasonable suspicion. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

{4} Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we reverse.

{5} **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**RODERICK KENNEDY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**