This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 33,034**

**JAMES COBARRUBIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Donna J. Mowrer, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant appeals his convictions on the basis that the district court erred in denying his motion to suppress because the officer lacked justification to request Defendant's identifying information.  This Court issued a calendar notice proposing to reverse the district court's denial of Defendant's motion to suppress. The State has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered.  Because we conclude that the State has failed to point out any error in fact or in law with this Court's notice of proposed disposition, and has otherwise failed to articulate a basis to support affirmance, we reverse.

{2}     In this Court's calendar notice, we noted that "a traffic stop is not a consensual encounter, but is instead a seizure of the vehicle and its occupants." [CN 5 (citing *State v. Portillo*, 2011-NMCA-079, ¶ 12, 150 N.M. 187, 258 P.3d 466)] We noted that in order to expand the interaction from the driver to the passenger, an officer must have " reasonable suspicion that the passenger is involved in criminal activity," "a particularized concern for officer safety," or the passenger is "implicated in the investigation related to the initial stop." [CN 5-6 (citing *State v. Affsprung*, 2004-NMCA-038, ¶¶ 16-19, 135 N.M. 306, 87 P.3d 1088, and *State v. Rubio*, 2006-NMCA-067, ¶ 16, 139 N.M. 612, 136 P.3d 1022)] We suggested that, under the facts of this case, the driver's lack of a driver's license did not justify the officer's request for

2

Defendant's identification, and proposed to reverse. [CN 7] The State has raised multiple arguments in response to our proposed disposition.

{3}      First, the State contends that Defendant conceded that the officer could ask for his identification, based on the Defendant arguing that the State could not release the vehicle to him if he did not have his license on his person. [MIO 6-9 ("It should be noted that, if this reconstruction of the attorney's argument is correct, defense counsel effectively conceded that it was proper for the officer to ask for Defendant's license.")] We disagree that, by arguing that the officer could not release the vehicle to him, Defendant conceded that the officer was permitted to ask for his identification, as Defendant could have made this argument in addition—or in the alternative to—his argument that the officer was not permitted to ask him for identification in the first instance. Moreover, given that the record reflects that Defendant intended to challenge the officer's initial request for his identification [RP 93], we conclude that the State's speculative and strained reading of the hearing log is insufficient to create a factual issue sufficient to require this Court to abandon its proposed disposition or to assign this matter to the general calendar. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (providing that the opposing party to summary disposition must come forward and specifically point out errors in fact and in law); *Taylor v. Van Winkle's IGA Farmer's Market*, 1996-NMCA-111, ¶ 1, 122 N.M. 486, 927 P.2d 41

3

(providing that when the facts are not disputed, a case may appropriately be decided on the summary calendar).

{4}     Second, the State argues that the officer's request for Defendant's identification was constitutionally permissible, if done for the purpose of avoiding having to tow and impound the vehicle. Assuming that the officer requesting Defendant's identification for this purpose would be constitutional, the State has not directed this Court to any evidence or facts demonstrating that this was the basis for the officer's inquiry. Rather, the State contends that "it can reasonably be inferred" that the purpose of the officer asking Defendant for his license "was to learn whether [Defendant] could lawfully drive the vehicle, given that Ms. Garza could not[,]" based merely on the fact that the driver did not have a license. [MIO 12] The State presented no officer testimony in this regard at the hearing on Defendant's motion to suppress, since the parties stipulated to the facts. [RP 119; DS 2 (stating that "[t]he parties agreed no live testimony would be taken and in lieu of testimony the Court would receive the police reports as a factual basis of the events that transpired").] While we note the police report is not contained in the record proper, we also note that the statement of probable cause [RP 30-31], the docketing statement, and the memorandum in opposition do not demonstrate that this was the officer's motivation in requesting Defendant's identification. Significantly, to the extent the State's memorandum in

4

opposition contains assertions that this was the basis for the officer asking Defendant for his identification, we note that such assertions were the argument of counsel at the hearing on the motion to suppress. [MIO 12-16; RP 119-20] "This Court has previously held that once a defendant has established that the state stopped his vehicle and conducted a warrantless search and seizure, the state has the burden of coming forward with evidence to show that there was a valid basis for the stop and that the search and seizure came within the ambit of a recognized exception to the search warrant requirements imposed by the Fourth Amendment." *State v. Porras-Fuerte*, 1994-NMCA-114, ¶ 36, 119 N.M. 180, 889 P.2d 215. Arguments of counsel are insufficient to satisfy the State's burden. *State v. Wacey C.*, 2004-NMCA-029, ¶ 13, 135 N.M. 186, 86 P.3d 611 ("Arguments of counsel are not evidence and cannot be used to prove a fact."). We therefore conclude that the State failed to meet its burden and that the district court erred in denying Defendant's motion to suppress as a result.

{5}     The State also argues that Defendant's identity should be allowed in under the doctrine of inevitable discovery.  The inevitable discovery doctrine applies where evidence that was obtained through unlawful police conduct inevitably would have been otherwise discovered through a different and independent lawful means.  *See State v. Saiz*, 2008-NMSC-048, ¶ 20, 144 N.M. 663, 191 P.3d 521, *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, ¶ 36 & n.1, 146 N.M. 357, 210 P.3d

5

783. We point out that this was not the basis for the district court's ruling. Rather, the district court determined that it was within the officer's discretion to release the car to Defendant and to ask for Defendant's identification on that basis. [RP 120] Thus, the State's inevitable discovery argument is a request that this Court affirm the district court as right for any reason.

{6} "Although we may affirm a trial court's ruling on a ground not relied upon by the court or argued by the parties, we will not do so if reliance on the new ground would be unfair to the appellant[.]" *State v. Barragan*, 2001-NMCA-086, ¶ 17, 131 N.M. 281, 34 P.3d 1157, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. "In particular, it would be unfair to an appellant to affirm on a fact-dependent ground not raised below." *Id.* (internal quotation marks and citation omitted). In *Barragan*, we refused to uphold the trial court's ruling on the basis of inevitable discovery, "[b]ecause application of the inevitable discovery doctrine requires a trial court to make factual determinations[.]" *Id.* There, we noted that in order for a trial court to make a ruling in favor of the State, "the court would be required to make at least three factual findings: (1) whether, without the illegally seized evidence, the officers had probable cause to arrest [the d]efendant; (2) whether the officers would in fact have made the arrest under such circumstances; and (3) whether an inventory that would have revealed the items was standard procedure." *Id.*

¶ 18. Here, the district court made no such findings. Rather, while the parties stipulated to certain facts, according to the hearing log, the district court stated the facts known to it as follows:

> [D]efendant was seized as a passenger in the vehicle . . . and [S]tate has conceded he was seized[;] based upon facts stipulated by parties will find that officer asked driver for her license she sai[]d she had no license then asked [D]efendant for his license[;] [D]efendant identified himself as [M]arcus [J]oiner [p]ursuant to stipulation of parties[;] officer then proceeded[;] *other facts are not know[n] to court at this time*[.]

[RP 120 (emphasis added)] Thus, based on the information considered by the district court, "[e]ven if we were able to determine whether the officers in this case had probable cause to arrest Defendant without consideration of the illegally seized evidence, there is no evidence that the officers would have arrested Defendant under these circumstances and no evidence regarding a standard inventory procedure." *Id.*

¶ 18. Accordingly, we decline, as this Court did in *Barragan*, to "consider the inevitable discovery doctrine as an alternative ground for upholding the trial court's decision." *Id.*

{7} Likewise, just as we refrain from applying a right for any reason analysis to affirm based on inevitable discovery, we do not address the State's arguments regarding standing and whether suppression of the paraphernalia and methamphetamine follow from the State's improper request from Defendant's identification, as these arguments were not made below and the district court did not

7

consider the facts regarding the events following Defendant's self-identification. Consequently, for the reasons stated above and in this Court's notice of proposed disposition, we reverse and remand to the district court for further proceedings consistent with this Opinion.

{8}    **IT IS SO ORDERED.**


_____
                                    **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, J\udge**


_____
**M. MONICA ZAMORA, Judge**