This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CLAUDIA DAIGLE,**

     Plaintiff-Appellant,

v.                   **NO. 34,819**

**ELDORADO COMMUNITY
IMPROVEMENT ASSOCIATION, INC.,
a New Mexico non-profit corporation,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Claudia Daigle
Santa Fe, NM

Pro Se Appellant

John P. Hays
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Plaintiff-Appellant Claudia Daigle ("Plaintiff") appeals, in a self-represented capacity, from the district court's order interpreting the Amended and Restated

Covenants for Eldorado at Santa Fe ("the covenants") not to contain a prohibition against ground-based solar collectors and granting summary judgment in favor of Defendant-Appellee Eldorado Community Improvement Association, Inc. ("ECIA"). [RP 325] This Court issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum opposing this Court's proposed disposition. At that time, we issued a second calendar notice proposing to dismiss for lack of a final order. Plaintiff has filed a supplemental record proper containing a final order, along with a second memorandum in opposition. Having given due consideration to Plaintiff's arguments in opposition, we affirm the district court.

{2}    We first address Plaintiff's motion to amend the docketing statement. Plaintiff seeks to add the issue of whether the ECIA failed "to use ordinary care to enforce the covenants and perform their contractual obligation to the Association thereby breaching the implied covenant of good faith and fair dealing and constituting a material breach of contract[.]" [1 MIO 2, 3–7] Plaintiff notes that this issue was not addressed by the district court. [1 MIO 1–2] We therefore decline to address the issue on the grounds that it was not adequately preserved for appellate review. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks

and citation omitted)). Nevertheless, even if Plaintiff had properly preserved this issue below, we see no error. In order for the ECIA to have breached the implied covenant of good faith and fair dealing, the ECIA must have acted contrary to the covenants in question. As we discuss below, the ECIA's actions were not contrary to the covenants, and accordingly, there exists no basis for a claim for breach of the implied covenant of good faith and fair dealing. Therefore, because the issue Plaintiff seeks to add is not viable, we deny her motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3} Next, we note that Plaintiff's second memorandum in opposition challenges the district court's denial of Plaintiff's motion to amend complaint to join necessary or indispensable parties. [2 MIO 9] Because this issue was not raised in Plaintiff's docketing statement, we construe this as a motion to amend the docketing statement. However, we decline to address this issue because the district court's grant of summary judgment renders this issue moot. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions."). We therefore deny Plaintiff's motion to amend with respect to the district court's denial of her motion to amend the complaint. *See Sommer*, 1994-NMCA-070, ¶ 11 (denying a motion to

3

amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

**{4}** Apart from her motion to amend, Plaintiff continues to argue that the district court erred by concluding that the covenants contain no prohibition against ground-based solar panels. [1 MIO 7–22; DS 12–17] Our notice explained that we proposed to agree with the district court's reading of the covenants, which specifically permit solar panels on roofs but do not expressly contain a prohibition against ground-based solar collectors. [CN 3–4; RP 37] We further explained that in the Solar Rights Act, NMSA 1978, §§ 47-3-1 to -5 (1977, as amended through 2007), our Legislature expressly declared that the use of solar energy is a property right that is to be encouraged by the law, *see* Section 47-3-4(A). Further, in NMSA 1978, Section 3-18-32 (2007), our Legislature declared void any covenant that effectively prohibited the use of a solar collector. [CN 4]

**{5}** In response to our proposed summary disposition, Plaintiff's memorandum in opposition makes four general arguments. First, Plaintiff reiterates her previous argument [DS 12] that the covenants unambiguously prohibit all structures other than those expressly permitted in the covenants. [1 MIO 7; RP 36] Second, Plaintiff "speculates" that the covenants were amended to explicitly include satellite dishes because satellite dishes were considered structures. [1 MIO 12] Plaintiff states that

satellite dishes available in 1984, the year the Federal Communications Commission mandated that any prohibition of radio antenna and satellite dishes in covenants was void, were eight feet across and could not fit on a rooftop, meaning that they had to be permitted on the lot in order to be in compliance with federal laws. [1 MIO 12] However, Plaintiff provides no authority in support of her contention. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."). To the contrary, Plaintiff's argument appears to provide support for the proposition that the covenants should permit ground-based solar arrays to the extent that rooftop installation may not be feasible for every house.

{6}     Third, with respect to the issue of legislative intent to encourage the use of solar power, Plaintiff argues that the Legislature could not have intended to encourage the use of ground-based solar panels, because Section 47-3-2 was codified in 1977, before ground-based solar panels were in use. [1 MIO 17] However, the Legislature subsequently amended the definition of a solar collector in 2007, *see* § 47-3-3, and the Legislature could have amended the definition to exclude ground-based solar collectors at that time.

{7}     Fourth, Plaintiff argues that evidence considered by the district court in the form of an affidavit by Thomas Gray should not have been considered because it

5

consisted of "only bias, speculation, and conflict of interest within the affidavit." [1 MIO 14; 2 MIO 4–6] We remain unpersuaded. Plaintiff has not provided this Court with citations to any authority in support of her contention that the affidavit considered by the district court was misleading or otherwise erroneous. [1 MIO 14–15; 2 MIO 4–6] Accordingly, we affirm. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (stating that the party opposing a proposed summary disposition has the burden of demonstrating specific errors in fact or law).

{8}    Finally, to the extent Plaintiff argues that the district court never ruled on her application for a temporary injunction pending litigation, [2 MIO 8] we conclude that this issue is moot because the district court's grant of summary judgment ended the litigation. *See Crutchfield*, 2005-NMCA-022, ¶ 36 ("A reviewing court generally does not decide academic or moot questions.").

{9}    For the reasons stated above and in this Court's notices of proposed disposition, we affirm the district court's grant of summary judgment.

{10}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

6

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**LINDA M. VANZI, Judge**