This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36187**

**KEON HARRIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant Keon Harris appeals an order of conditional discharge in which the district court declined his request for presentence confinement credit for time that he

was released but subject to GPS monitoring. [DS 3] This Court's calendar notice proposed to affirm, noting that Defendant's docketing statement did not address whether his pretrial release involved any limitations on his freedom of movement or how he was otherwise within actual or constructive state custody for purposes of the two-part rule announced in *State v. Fellhauer*, 1997-NMCA-064, ¶ 17, 123 N.M. 476, 943 P.2d 123. *See also State v. Guillen*, 2001-NMCA-079, ¶ 7, 130 N.M. 803, 32 P.3d 812 (describing the same rule).

{2}      Toward that end, our calendar notice suggested as follows:

>        To the extent Defendant believes that the conditions of his pretrial release brought him within the two-part rule announced in *Fellhauer*, 1997-NMCA-064, ¶ 17, he should fully summarize those conditions in any memorandum in opposition that he chooses to file with this Court. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (requiring party opposing summary disposition to "come forward and specifically point out errors in fact and in law"); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (noting that this Court has no obligation to "search the record for facts, arguments, and rulings in order to support generalized arguments").

[CN 4]

{3}      Defendant has filed a memorandum in opposition to that proposed summary disposition in which he reasserts that he was subject to "supervision by Bernalillo County's Pretrial Services program, and electronic monitoring by GPS as well." [MIO 3] Defendant goes on to point out that, as a result of that supervision and monitoring, he would have been prosecutable for the crime of escape from the community release

program. [Id.] That fact establishes the second half of the rule announced in *Fellhauer.* But Defendant's memorandum still does not assert that he was under house arrest, or identify any restrictions on his freedom of movement that were imposed prior to trial, or assert that he was otherwise within the actual or constructive custody of the state. [MIO 2] Because it does not appear that Defendant was under house arrest or subject to any other restrictions that would satisfy the first half of the *Fellhauer* rule, we affirm the judgment and sentence entered below.

{4}     **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**STEPHEN G. FRENCH, Judge**


_____

**EMIL J. KIEHNE, Judge**