This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STEPHEN ROSENBLATH,**

 Plaintiff-Appellant,

v. **No. A-1-CA-36852**

**GARRET VENEKLASEN and**
**ANNIE D. VENEKLASEN,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Stephen Rosenblath
Taos, NM

for Appellant

Stranahan Law Firm, LLC
Robert Allen Stranahan, IV
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Plaintiff Stephen Rosenblath appeals the final order in his lawsuit seeking to establish the existence of an easement across the property of a neighbor. [DS 1] This Court issued a notice of proposed summary disposition proposing to affirm that order, and Plaintiff has filed a memorandum in opposition to that disposition, which he subsequently amended. [amended MIO unnumbered page 1][1] Having duly considered Plaintiff's amended memorandum in opposition to summary disposition, we remain unpersuaded and affirm.

{2}     Plaintiff continues to assert that the district court judge who heard this case should have recused. [amended MIO unnumbered pages 2-3, 8] In his memorandum, however, Plaintiff still does not assert any constitutional, statutory, or ethical basis for a recusal. [Id.] Absent any specific allegation of impropriety or prejudice suffered at trial, we cannot determine that the district court judge abused his discretion by not recusing himself from this case.

{3}     Plaintiff similarly continues to assert that Defendants did not establish facts necessary to their counterclaim and that damages awarded on a counterclaim as well as attorney fees were both excessive. [amended MIO unnumbered pages 8-9, 6-7, 5, 4, 10-11] However, as we explained in our notice of proposed summary disposition:

---

[1]It appears that the pages of Plaintiff's amended memorandum in opposition to summary disposition, which bear no page numbers, were filed out of order. Citations in this opinion refer to the pages in the order they appear as docketed in this appeal.

to the extent that Plaintiff asks this Court to review whether there was evidence to support any factual finding of the district court, Plaintiff must provide us with a summary of whatever relevant evidence was offered in support of the challenged fact. *See* Rule 12-208(D)(3) NMRA (requiring appellants to provide a "concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (noting that in order to review factual findings on appeal, the docketing statement must "recite any evidence which supports the trial court's findings").

[CN 4-5]

And we further instructed Plaintiff that, should he choose to file a memorandum in opposition:

he should identify the specific fact or facts that he believes were not supported by any evidence, along with a summary of any evidence considered or relied upon by the district court in connection with such fact or facts. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 ("[t]he opposing party to summary disposition must come forward and specifically point out errors in fact and in law"); *See also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

[CN 5]

**{4}** Unfortunately, Plaintiff's amended memorandum in opposition to summary disposition does not summarize any of the evidence relied upon by the district court or otherwise material to the district court's decision regarding the existence, or non-existence, of an easement in this case. As a result, this Court remains in the same position it was in prior to receiving Plaintiff's amended memorandum: "we cannot say

whether the district court erred in finding that Plaintiff failed to carry his burden of proving the existence of an easement or that Defendants successfully proved a trespass resulting in damages." [CN 6] Ultimately, Plaintiff has not met his burden of establishing and explaining the error he would have us correct, leaving us in no position to reverse the district court's findings of fact.

{5} Similarly, Plaintiff fails to inform this Court what evidence was actually before the district court when it assessed damages and awarded attorney fees, leaving us in no position to review that court's calculation of those damages. Instead, Plaintiff directs us to photographs and documents that may or may not have been offered in evidence at trial.[amended MIO unnumbered page 5] Because this Court does not make factual findings, but instead reviews factual findings made below on the basis of the evidence offered at trial, appellants are required to provide this Court with a summary of the trial evidence in order to facilitate our review of the sufficiency of that evidence. *See* Rule 12-208(D)(3) NMRA (requiring appellants to provide a "concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *Thornton*, 1984-NMCA-093, ¶ 18 (noting that in order to review factual findings on appeal, the docketing statement must "recite any evidence which supports the trial court's findings"); *Farmers*, 1990-NMSC-100, ¶ 8 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

4

**{6}** Thus, our notice of proposed summary disposition explicitly instructed Plaintiff that "any memorandum in opposition that he chooses to file should include a concise summary of the evidence before the district court when the damages and attorneys fees were calculated." [CN 6] Plaintiff's memorandum makes no attempt to inform this Court what evidence the district court considered in awarding damages and attorney fees. As a result, there is no basis before this Court upon which to reverse the district court's determination of damages or fees.

**{7}** Thus, for the foregoing reasons, as well as the reasons provided in our notice of proposed summary disposition, we affirm the final order entered by the district court below.

**{8}** **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**JENNIFER L. ATTREP, Judge**

5