LUCERO V. LOS ALAMOS COUNTY

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**SHERIFF MARCO LUCERO,**
**Plaintiff-Appellant,**
**v.**
**LOS ALAMOS COUNTY COUNCIL,**
**Defendants-Appellees.**

NO. A-1-CA-37579

COURT OF APPEALS OF NEW MEXICO

February 26, 2019

APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY, Francis J. Mathew, District Judge

**COUNSEL**

Western Agriculture, Resource and Business Advocates, LLP, A. Blair Dunn, Albuquerque, NM, for Appellant

Office of the County Attorney, Joseph Alvin Leaphart, IV, Joseph L. Romero, Albuquerque, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** The sheriff of Los Alamos County (Sheriff) appeals the dismissal of his lawsuit seeking declaratory and injunctive relief against the Los Alamos County Council. [DS 2]

This Court issued a notice of proposed summary disposition, proposing to affirm the district court's dismissal on the basis of claim preclusion. [CN 5] Sheriff has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and now affirm.

**{2}**     As our calendar notice pointed out, Sheriff's docketing statement challenged neither the factual basis for the district court's judgment nor the district court's application of the doctrine of claim preclusion. [CN 3, 4] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (explaining that the party claiming error bears the burden of showing such error). Similarly, Sheriff's memorandum opposing affirmance does not challenge any of the facts relied upon in this Court's notice of proposed summary disposition and does not assert any legal error contained in that notice. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (explaining that a response to a calendar notice must specifically point out legal or factual errors in the notice). Instead, Sheriff asserts that if this case is precluded by the judgment in a prior case between these parties, then the earlier judgment should somehow be "overturned" by this Court. [MIO 4] Sheriff does not suggest how this Court might go about "overturning" an unappealed district court judgment. In any event, we conclude that Sheriff has not met his burden, in opposing the proposed summary disposition, to "specifically point out errors in fact and in law." *Id.*

**{3}**     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{4}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**