This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39506

**STATE OF NEW MEXICO, ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**KELLY M.,**

Respondent-Appellant,

and

**CHRISTOPHER D.,**

Respondent,

**IN THE MATTER OF ASHLEY D. and
ANGEL M. D.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY
Jennifer E. Delaney, District Judge**

Children, Youth & Families Department
Mary McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Rio Law Firm
Francis J. Rio, III
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Mother appeals a judgment terminating her parental rights to Children, challenging the sufficiency of the evidence to support the district court's findings in support of termination, pursuant to NMSA 1978, Section 32A-4-28(B)(2) (2005). [DS PDF 9] This Court issued a calendar notice proposing to affirm that judgment and Mother filed a memorandum in opposition to that disposition along with a motion to amend her docketing statement in order to raise an issue involving the Department's compliance with the federal Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901 to -1963 (1978, as amended through 2021), and NMSA 1978, Section 32A-4-29(I) (2009). Because the record in this case was ambiguous with regard to Children's tribal eligibility with regard to four of ten tribes contacted by the Department, this Court issued an order of limited remand for the purpose of determining whether Children are eligible for tribal membership. On remand, the district court entered an order containing findings establishing that Children are not eligible for tribal membership. Having duly considered that order, Mother's motion to amend, and Mother's memorandum, we remain unpersuaded, deny the motion to amend as it raises a nonviable issue, and affirm the judgment of termination.

**{2}** Mother's motion sought to amend her docketing statement in order to assert that the Department's efforts to comply with the notice requirements of ICWA were insufficient. [MOTN 2; MIO 7] Following remand, it appears the Department filed a new notice establishing that ICWA does not apply to this case and attaching correspondence from all ten of the potentially affected tribes. The district court then entered an order finding that ICWA does not apply, which was filed with this Court on December 7, 2021. As a result, we conclude that Mother's motion to amend raises a nonviable issue and deny the motion on that basis. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (denying a motion to amend a docketing statement where the issue sought to be raised was not viable).

**{3}** Mother's docketing statement asserted error in the inclusion of findings and conclusions regarding matters not related to the grounds for termination ultimately pursued by the Department. [DS PDF 8] Our notice of proposed disposition suggested that the inclusion of such findings and conclusions did not amount to reversible error, and Mother's memorandum opposing that disposition does not address that proposal. [CN 2] Accordingly, we consider this issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that an issue is deemed abandoned where a party does not respond in opposition to the proposed disposition of the issue); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683

(noting that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{4}** With regard to the sufficiency of the evidence to support termination, Mother's memorandum continues to assert that during the pendency of this case she made progress toward resolving substance abuse and mental health issues present when this case began, to the point that she had maintained sobriety for more than a year prior to the final termination order. [MIO 24-25] Our notice of proposed summary disposition, however, suggested that

> the evidence supported a finding that Mother was not able to provide adequate care and control of [C]hildren. Although Mother's sobriety is, of course, commendable, sobriety alone does not fully address the conditions and causes that brought the children into state custody. *See* NMSA 1978, § 32A-1-3 (2009) (declaring that the Children's Code is to be interpreted such that "[a] child's health and safety shall be the paramount concern").

[CN 6-7]. That notice also pointed out that Mother's docketing statement made no mention of many of the district court's findings in support of termination. [CN 4] Accordingly, our notice pointed out:

> Based upon both Mother's summary of the evidence and the descriptions of the evidence contained in the district court's order that Mother does not challenge on appeal, it would appear that the district court could have reasonably found that Mother remained unable to provide adequate care and control of [C]hildren. To the extent that Mother believes the district court mischaracterized or misstated any of that evidence in its order, such that those descriptions of the evidence were not supported by the actual evidence, she should provide an explanation of those facts in any memorandum in opposition that she chooses to file in this appeal. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (noting that "[t]he opposing party to summary disposition must come forward and specifically point out errors in fact and in law").

[CN 6]

**{5}** In her memorandum in opposition, Mother still does not address many of the facts relied upon by the district court and discussed at length in our notice. [CN 4-6] As a result, we conclude that Mother has not met her burden, in opposing our proposed summary disposition, "to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-013, ¶ 3, 297 P.3d

374. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's order of termination.

{6}    **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**