This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                   **No. 33,766**

**MATTHEW ROBERTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant Matthew Roberts appeals from the conditional discharge entered upon Defendant's conviction, after a jury trial, of (1) false imprisonment, (2) battery

against a household member, and (3) interference with communications. [PR 102-04, 175-80, 186] He was acquitted of child abuse (negligent cause). [RP 101, 186] Defendant raises two issues on appeal, contending that (1) his conviction for false imprisonment was inconsistent with the acquittal for child abuse, and (2) the acquittal for child abuse resulted in insufficient evidence to support his false imprisonment conviction. [DS 3]

{2} This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition. [MIO] Upon due consideration, however, we affirm.

**DISCUSSION**

**Inconsistent Verdicts**

{3} In his memorandum in opposition, Defendant continues to argue that the verdicts were inconsistent because the State presented the same evidence in support of the child abuse charge, of which Defendant was acquitted, as was presented in support of the false imprisonment charge. [MIO 3-4] Defendant relies on *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶¶ 19-24, 103 N.M. 655, 712 P.2d 1. We are not persuaded.

{4} As we discussed in the calendar notice, "[i]nconsistent verdicts are those which are so contrary to each other that the basis upon which each verdict was reached

cannot be determined." *State v. Fernandez*, 1994-NMCA-056, ¶ 38, 117 N.M. 673, 875 P.2d 1104. In any case, however, even if an acquittal on one charge is irreconcilable with the conviction on another, we are not required to set aside the conviction, because "we review the verdict of conviction, not the verdict of acquittal." *Id.* ¶ 39. Moreover, we note that in this case the two charges relate to Defendant's alleged distinct criminal actions toward separate victims, a child (child abuse) and Jennifer Harper (false imprisonment). *See, e.g.*, *State v. Bernal*, 2006-NMSC-050, ¶¶ 18, 20, 140 N.M. 644, 146 P.3d 289 (concluding that there were two offenses where two victims suffered separate and distinct harm).

{5} Thus, in this case, the jury was instructed that the allegations of child abuse, of which Defendant was acquitted, relate to Defendant's alleged criminal conduct toward the child, while the allegations of false imprisonment, of which Defendant was convicted, relate to Defendant's alleged distinct criminal conduct toward Ms. Harper. [RP 116, 118] We decline to reverse Defendant's conviction for false imprisonment on the basis that this conviction is inconsistent with Defendant's acquittal for child abuse.

**False Imprisonment**

{6} In his memorandum in opposition, Defendant continues to argue that the State's evidence "is simply insufficient to support his false imprisonment conviction." [MIO

3

6] In the memorandum, however, Defendant confirms the facts this Court relied upon in proposing summary affirmance on this sufficiency issue. [Id.] *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (holding that the opposing party must come forward and specifically point to error in fact or in law in the proposed disposition). Under the circumstances, we remain persuaded that the State presented substantial evidence to support Defendant's conviction for false imprisonment.

{7} As we discussed in the calendar notice, "[t]he test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). In applying this standard, an appellate court "review[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170 (internal quotation marks and citation omitted). In reviewing the evidence, the relevant question is whether "any rational jury could have found each element of the crime to be established beyond a reasonable doubt." *State v. Garcia*, 1992-NMSC-048, ¶ 27, 114 N.M. 269, 837 P.2d 862 (emphasis omitted).

{8}    The jury was instructed that in order for it to find Defendant guilty of false imprisonment, the State must prove to its satisfaction beyond a reasonable doubt that (1) Defendant restrained or confined Ms. Harper against her will, (2) Defendant knew that he had no authority to restrain or confine Ms. Harper, and (3) this happened in New Mexico on or about May 25, 2013. [RP 118]

{9}    At trial, the State presented evidence that in New Mexico, on or about May 25, 2013, Defendant and his girlfriend, Ms. Harper, had a dispute that became a physical altercation. [DS 1-2; *see also* RP 16] Ms. Harper testified that during the altercation, she asked Defendant to leave and he refused; when Ms. Harper tried to leave, Defendant  prevented her from doing so; Defendant also placed his arm around Ms. Harper's neck while she was holding their child, bit her, and grabbed her cell phone when she tried to call the police. [DS 2; MIO 6]  Defendant presented a different version of events, including that Defendant feared for the safety of the child and of Ms. Harper, particularly if she left in her car, and Defendant simply wanted to hold his son and say goodbye. [MIO 6] Defendant acknowledged that he refused to leave and prevented Ms. Harper from leaving.  [MIO 6]  The jury was instructed on the elements of the defense-of-another defense.  [DS 2; RP 125] The jury convicted Defendant of false imprisonment, battery against a household member, and

5

interference with communications; the jury acquitted Defendant of child abuse (no death or great bodily harm). [RP 101-04]

{10} We hold that the evidence presented at trial was sufficient to support Defendant's conviction for false imprisonment of Ms. Harper. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that, because the reviewing court does not substitute its judgment for that of the jury, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts"); *see also State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (stating that this Court will not "evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence" (internal quotation marks and citation omitted)).

**CONCLUSION**

{11} For the foregoing reasons, we affirm Defendant's convictions.

{12} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

6

_____
**TIMOTHY L. GARCIA, Judge**