This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38065**

**WELLS FARGO, N.A.,**

Plaintiff-Appellee,

v.

**ROBERT S. BACLAWSKI,**

Defendant-Appellant,

and

**JOY LEA HODGES a/k/a JOY LEA HODGES-BACLAWSKI, the ESTATE OF JANE H. BACLAWSKI a/k/a JANE HELENE BROWN BACLAWSKI, Deceased, Unknown Heirs, Devisees, or Legatees of JANE H. BACLAWSKI a/k/a JANE HELENE BROWN BACLAWSKI, Deceased; IMPRESTO LLC; and LOS ALAMOS NATIONAL BANK,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Snell & Wilmer, LLP
Jeanne Y. Sohn
Gregory J. Marshall
Albuquerque, NM

for Appellee

Gamer Law Firm
N. Ana Gamer

Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals a summary judgment in this mortgage foreclosure suit. This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in support that included a motion to amend the docketing statement along with a proposed amended docketing statement. Plaintiff filed a response to that motion, and Defendant filed a motion to strike that response. Plaintiff then filed a response to that motion to strike. Having reviewed all of those filings, we now affirm.

**{2}** Before turning to the merits of this appeal, we briefly address the motions filed by the parties. Under our standard for cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause or excuse by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. We will deny such motions if the issue that the appellant is seeking to raise is not viable. *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23.

**{3}** In the present appeal, Defendant's proposed amendments to his docketing statement could accurately be characterized as simply reframing the arguments in his original docketing statement to address the proper standard of review, which our notice of proposed affirmance explained involved "Defendant's failure to show any genuine dispute of material fact regarding Plaintiff's status as the original payee on the note." [CN 6] As a practical matter, when this Court issues a notice of proposed affirmance that points out the proper standard of review, a properly responsive memorandum in opposition will have to address that standard of review, either by asserting that our reliance on that standard would be incorrect or, as in this case, by asserting that reversal would be justified under that standard. *See State v. Sisneros*, 1982-NMSC-068, ¶ 7, 98 N.M. 201, 647 P.2d 403 (noting that "[t]he opposing party to summary disposition must come forward and specifically point out errors in fact and in law").

**{4}** Thus, the arguments and authorities advanced in both Defendant's memorandum in opposition and his amended docketing statement constitute a proper response to our notice of proposed summary disposition. As a practical matter, if Defendant had simply included those arguments and authorities in his memorandum in opposition, this Court would have considered them as appropriately raised. We, therefore, pause to note that

both parties to this appeal are reading Rule 12-208(F) NMRA more technically than is this Court's usual practice. When a memorandum in opposition to summary disposition contains facts or arguments that go beyond the scope of the docketing statement, this Court's usual practice is to simply construe the memorandum as including a motion to amend the docketing statement and address the issues on the merits if they satisfy our standard as outlined in *Rael*, 1983-NMCA-081, ¶ 15.

{5}     In this appeal, because the issues asserted in Defendant's amended docketing statement could have properly been raised in his memorandum responding to our proposed disposition, we will simply treat that amended docketing statement as being incorporated within the memorandum, and address the issues raised. As a result, no amendment to the docketing statement is necessary. Thus, we will deny Defendant's motion to amend, as well as his motion to strike Plaintiff's response thereto, but we have also fully reviewed the matter asserted in the amended docketing statement as if it were set forth in the memorandum in opposition to summary affirmance. Thus, to be clear, in preparing this memorandum opinion, we have reviewed all of the documents filed by both parties and considered the merits contained therein.

{6}     On those merits, Defendant continues to assert that Plaintiff lacked standing to prosecute this foreclosure. [MIO 2] In doing so, he continues to rely upon *PNC Mortgage v. Romero*, 2016-NMCA-064, 377 P.3d 461, which also involved a summary judgment, as well as a plaintiff who had merged with the original lender on a mortgage loan. [Id.] In response to the motion for summary judgment in *Romero*, the defendants disputed facts establishing the plaintiff's standing, relying, in part, on a letter received from the plaintiff. That letter recited that the defendants' loan was "in a pool known as GSAA 2006–14," identified a trustee for that mortgage pool, and explained that the plaintiff continued to be "the servicer of your loan and you should continue to contact us for any concerns regarding your mortgage." *Id.* ¶ 6 (internal quotation marks and citation omitted). Thus, in assessing whether the plaintiff in *Romero* had established that it had standing, the defendants asserted that the entire timeline of events, including the above-quoted letter, cast serious doubt upon the plaintiff's assertion that it held the note and mortgage at the time the foreclosure proceedings were initiated. *Id.* ¶ 32 (describing the defendants' argument that although the mergers offered a plausible scenario by which the plaintiff could enforce the note, that "scenario must yield when the actual facts contradict that story" (emphasis, omission, internal quotation marks, and citation omitted)). Instead, there was evidence that an entity that was neither the plaintiff nor one of the plaintiff's predecessors held the note, and as a result, that the plaintiff "was likely not the holder" at the time the complaint was filed regardless of its having merged with the original lender. *Id.*

{7}     The facts before the district court by way of summary judgment in this case are distinguishable. In this case, Plaintiff also asserts standing by way of merger with the original lender but there is no evidence that anyone other than Plaintiff or its predecessors has ever held the note at issue. Instead, as explained in our notice of proposed affirmance, Defendant's opposition to the motion for summary judgment speculated that the loan might have been securitized at some point and:

cited a document produced in discovery that contains references to the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation (commonly known as "Fannie Mae" and "Freddie Mac"). That document appears to be a printout from Plaintiff's mortgage records. The printout, however, contains no indication that the mortgage at issue in this case was the subject of securitization or that Fannie Mae or Freddie Mac ever held an interest in the loan. Defendant also did not suggest that further discovery would be necessary to develop any facts surrounding the loan's potential securitization, as would have been permitted pursuant to Rule 1-056(F) [NMRA].

[CN 4] Ultimately, Defendant's memorandum does not alter our conclusion that he failed to contravene Plaintiff's prima facie case below.

**{8}** Defendant also continues to assert that because a copy of the note bearing a blank endorsement was produced after the complaint was filed, Plaintiff failed to establish a prima facie case that it had standing at the time of commencement. [MIO 5] Defendant relies upon *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046, in which the plaintiff failed to establish standing because it could not show that it was in possession of an endorsed note at the time it filed suit. *Johnston* is distinguishable. In *Johnston*, the plaintiff asserted standing by way of a transfer of the note from a prior holder. *Id.* ¶ 3. Here, Plaintiff's prima facie case did not rely upon the note ever having been transferred because Plaintiff's standing in this case depends upon Plaintiff's status as the original lender by way of merger.

**{9}** As a result, the presence or absence of an endorsement on the note has no bearing upon Plaintiff's standing in this case. Although Defendant continues to assert that the late-appearing endorsement somehow defeats Plaintiff's assertion that it held the note at the time suit was filed, Defendant posits no set of facts by which that endorsement, whenever made, would actually deprive Plaintiff of standing. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, the parties' pending motions are denied and we affirm the summary judgment entered below.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**